**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DR. SUDESHNA CHATTERJEE-PAER, | : | |
| *Plaintiff,* | : | **CIVIL ACTION NO.:** 23-2096 |
| | : | |
| vs. | : | |
| | : | |
| ABINGTON MEMORIAL HOSPITAL, | : | Honorable Juan R. Sánchez |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff, Dr. Sudeshna Chatterjee-Paer ("Plaintiff"), by and through her counsel, Sidney L. Gold & Associates, P.C., hereby responds to Defendant's Counterclaims as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted in part, denied in part. It is admitted that Plaintiff's employment with Defendant ended effective June 30, 2021. It is denied that Plaintiff's resignation from her employment with Defendant was voluntary.

8.      Admitted.

9.      Denied. Plaintiff is without knowledge and information sufficient to form a belief as to the truth of Defendant's averment that Defendant experienced

an error within its payroll system, and therefore said averment is denied. It is further denied that Plaintiff was paid $148,923.05 by Defendant between July 1, 2021 and December 18, 2021. Rather, Plaintiff received payments totaling $112,729.29 from Defendant during the relevant time frame.

10.    Admitted in part, denied in part. It is admitted that Plaintiff did not bring the payments to the attention of Defendant. It is denied, however, that Plaintiff was aware of the payments and intentionally declined to notify Defendant of the same.

11.    Denied. Plaintiff is without knowledge and information sufficient to form a belief as to the truth of Defendant's averment that Defendant experienced an error within its payroll system, and therefore said averment is denied. It is further denied that Plaintiff was paid $148,923.05 by Defendant between July 1, 2021 and December 18, 2021. Rather, Plaintiff received payments totaling $112,729.29 from Defendant during the relevant time frame.

12.    Denied. Plaintiff is without knowledge and information sufficient to form a belief as to the truth of Defendant's averment that it discovered a payroll error in the beginning of January 2022, and therefore said averment is denied.

13.    Admitted. By way of clarification, is admitted that an individual who purported to be a Human Resources employee of Defendant contacted Plaintiff by phone to discuss alleged overpayments. This was the first time that Plaintiff learned of any such alleged overpayments.

14. Admitted in part, denied in part. It is admitted that, on or about February 4, 2022, Defendant issued its first written demand to Plaintiff for repayment in the amount of $148,923.05 for alleged erroneous overpayments. It is denied that Plaintiff received $148,923.05 from Defendant. Rather, Plaintiff received payments totaling $112,729.29 from Defendant during the relevant time frame.

15. Admitted in part, denied in part. It is admitted that Defendant subsequently issued additional written demands for repayment in the amount of $148,923.05. It is denied that Plaintiff received $148,923.05 from Defendant. Rather, Plaintiff received payments totaling $112,729.29 from Defendant during the relevant time frame. By way of additional response, Plaintiff, through legal counsel, attempted to discuss the alleged overpayments with counsel for Defendant on numerous occasions throughout 2022 and 2023. However, Defendant repeatedly refused to engage or communicate with Plaintiff regarding the alleged overpayments.

16. Denied. It is denied that Plaintiff received $148,923.05 from Defendant during the relevant time period. Plaintiff is without knowledge and information sufficient to form a belief as to the truth of Defendant's averment that any alleged overpayments were the result of a payroll error, and therefore said averment is denied.

17. Denied. It is denied that Defendant "persisted" in seeking repayment. Rather, at the time that Plaintiff filed the underlying Complaint, she had

received no communication from Defendant for months regarding any alleged overpayments.

## COUNT I – CONVERSION OF PROPERTY

18.    Plaintiff incorporates by reference paragraphs 1 through 17 of her Answer to Defendant's Counterclaims as though fully set forth at length herein.

19.    Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

20.    Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

21.    Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

22.    Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

23.    Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

## COUNT II – UNJUST ENRICHMENT

24.   Plaintiff incorporates by reference paragraphs 1 through 23 of her Answer to Defendant's Counterclaims as though fully set forth at length herein.

25.   Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

26.   Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

27.   Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

28.   Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

29.   Denied as a conclusion of law to which no responsive pleading is required. To the extent the averments in this paragraph are deemed factual, they are denied.

## AFFIRMATIVE DEFENSES

1.   The counterclaims fail to state a claim upon which relief can be granted.

2.   The counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

3.     The counterclaims are barred, in whole or in part, because Defendant cannot establish the necessary elements of its counterclaims.

4.     Plaintiff reserves the right to assert additional affirmative defenses as they become available during the course of investigation and discovery.


                                        SIDNEY L. GOLD & ASSOC., P.C.

                              By:     /s/ Jamie L. Ford, Esquire
                                        JAMIE L. FORD, ESQUIRE
                                        Attorney I.D. NO: 320631
                                        1835 Market Street, Suite 515
                                        Philadelphia, PA 19103
                                        (215) 569-1999
                                        Attorney for Plaintiff

DATED:  September 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of Plaintiff's Answer and Affirmative Defenses to Defendant's Counterclaims to be served via ecf upon the following:

Christopher J. Moran, Esquire
Leigh H. McMonigle, Esquire
Troutman Pepper Hamilton Sanders, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Attorneys for Plaintiff

SIDNEY L. GOLD & ASSOC., P.C.

By:    /s/ Jamie L. Ford, Esquire
       JAMIE L. FORD, ESQUIRE
       Attorney I.D. NO: 320631
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       Attorney for Plaintiff

DATED:  September 18, 2023